UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**OUADIA BERERHOUT AND
JENNIFER FIORITA**,                           Chapter 13
    Debtors                                    Case No. 09-18956- JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**OUADIA BERERHOUT AND
JENNIFER FIORITA**,
    Plaintiffs
v.                                            Adv. P. No. 09-01314
**CITY OF MALDEN**,
    Defendant
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MEMORANDUM

**I. INTRODUCTION**

    The matter before the Court is a Motion for Reconsideration filed by the City of Malden (the "City"). The City seeks reconsideration of an order of this Court entered on October 2, 2009 pursuant to which the Court found the City in contempt for violating the automatic stay by failing to take necessary and appropriate action to enable Ouadia Bererhout and Jennifer Fiorita (the "Debtors") to renew their motor vehicle registration with the Commonwealth of Massachusetts (the "Commonwealth"). The Commonwealth had blocked renewal as a result of an "administrative hold" resulting from the City's notification to the Commonwealth of the Debtors' nonpayment of parking tickets. *See* Mass. Gen. Laws ch. 90, § 20A 1/2.

1

The issue presented is whether the City received adequate and appropriate notice of the "Debtors' Ex Parte Motion for Temporary Restraining Order to Enforce Automatic Stay"[1] and the hearing on that motion, where Debtors' counsel served the City Treasurer with notice of a hearing scheduled to take place on October 1, 2009 at 11:00 a.m. by facsimile late in the afternoon of September 30, 2009.

The Court conducted a hearing on the Motion for Reconsideration on May 18, 2010.  In addition, the Court conducted a pretrial conference in the adversary proceeding commenced by the Debtors against the City on October 9, 2009.  Neither party requested an evidentiary hearing on the Motion for Reconsideration, and neither party disputed the facts necessary to determine the Motion for Reconsideration.  At the conclusion of the hearing, the Court took the Motion for Reconsideration under advisement, scheduled a trial on damages for September 27, 2010, and continued generally the Amended Application of Debtor's Counsel for Compensation filed in conjunction with the contempt matter pending the outcome of the adversary proceeding.

For the reasons set forth below, the Court finds that notice was adequate under the circumstances and, accordingly, denies the Motion for Reconsideration.

---

[1] The Court recognizes that the Debtors' Ex Parte Motion for Temporary Restraining Order to Enforce Automatic Stay could be considered an improper pleading as Fed. R. Bankr. P. 7001(7) and Fed. R. Bankr. P. 7065 contemplate the filing of a complaint when an injunction or restraining order is sought, and the Debtors filed their motion in the main case. Because of the exigencies set forth in the motion, the Court scheduled a hearing prior to the commencement of an adversary proceeding.  See Agean Fare, Inc. v. Commonwealth of Massachusetts (In re Aegean Fare, Inc.), 33 B.R. 745, 746, n.1 (Bankr. D. Mass. 1983).

2

## II. PROCEDURAL BACKGROUND

On September 21, 2009, the Debtors filed a voluntary Chapter 13 petition. On Schedule F – Creditors Holding Unsecured Nonpriority Claims, the Debtors listed the City as the holder of claims arising from unpaid parking tickets totaling $340. The City contends that it is owed $1,050, although it did not file a proof of claim and the deadline for doing so has passed. *See* Fed. R. Bankr. P. 3002(c).

On September 30, 2009, the Debtors filed a motion requesting a temporary restraining order against the City. In their motion, the Debtors alleged that the City was "putting a hold" on the registration of their vehicle at the Commonwealth's Registry of Motor Vehicles. As a consequence, the Debtors maintained that the City was violating the automatic stay, adding that the deadline for registering their vehicle was October 1, 2009. The Debtors also alleged that "[t]he City of Malden has received notice of the order of relief from this [the Debtors' attorney's] office by telephone, and, on information and belief, from the debtors who personally appeared there with a copy of the petition in hand." In support of their request for emergency consideration, the Debtors represented that Ms. Fiorita was eight months pregnant and that they required the vehicle to transport her to the hospital.

The Court scheduled a hearing on the Debtors' motion for the following day, October 1, 2009, at 11 a.m. Debtors' counsel filed a certificate of service, in which he stated:

> I, Daniel Gindes do hereby state that I served the Notice of Hearing for Debtors' Motion for a Temporary Restraining Order with the ECF system on September 30, 2009, and that

> it will therefore be served upon all relevant parties, and that I served the City of Malden Treasurer by Fax to (781) 397-1593.

The Court conducted the hearing as scheduled. The City did not appear. The Court also found that "[t]he debtor's attorney represented in open court that he gave notice of the emergency hearing to the City of Malden (the "City") Treasurer's Office by facsimile transmission on September 30, 2009. A representative of the City did not appear at the hearing." Accordingly, the Court granted the motion, finding that "the automatic stay prevents the City from placing a hold on the debtors' renewal of their motor vehicle registration(s)." *See* 11 U.S.C. §§ 362(a) and 525. The Court also ordered the City and Commonwealth to "take all necessary and appropriate action to renew the Debtors' vehicle registration(s)." The Court scheduled a further hearing for October 8, 2009 at 9:30 a.m.

Late in the day on October 1, 2009, the Debtors commenced an adversary proceeding against the City by filing "Debtors' Verified Complaint For Contempt And Violation Of The Automatic Stay." Additionally, they filed Debtors' Motion For Short Order of Notice seeking an emergency hearing. The Court granted the motion and scheduled an emergency hearing for October 2, 2009 at noon before Judge Frank Bailey. The Court ordered that "[a] representative of the City of Malden shall appear personally at the hearing or shall file a Motion to appear telephonically. Debtor's counsel shall give immediate fax and telephonic notice of this order to such representative." The Debtors' attorney filed a Certificate of Service in which he stated:

4

> I Daniel Gindes do hereby certify that on October 2, 2009, I served a copy of the Notice of Hearing/Order issued this morning by Judge Feeney to the Treasurer and Legal department of the City of Malden to:
>
> legal@townofmalden.org
> treasurer@townofmalden.org[.]
>
> I also state that I called the City Legal Department, and left a message on an answering system. I also called the Treasurer's Office, and was told they would not attend the hearing because that was the legal department's responsibility.

On October 2, 2009, Judge Bailey conducted the emergency hearing. Counsel to the City was present. At the conclusion of the hearing, Judge Bailey entered an order in which he stated:

> [c]ounsel to the City of Malden (the "City") represented at the hearing that it had actual notice of the Court's Temporary Restraining Order dated 10/1/09 (Doc. No. 18) (the "Order"), entered in the Debtor's main case, which required that, inter alia, the City "shall take all necessary and appropriate action to renew the Debtor's vehicle registrations(s)."

The City orally moved for reconsideration on the basis of deficient service. The Court found that the City failed to "assert any legal ground for vacating the finding . . . that the City was in violation of the automatic stay." The Court denied the City's motion "without prejudice to renewal." The Court fined the City $250 per calendar day, commencing on October 2, 2009, for each day that it failed to comply with the October 1, 2009 order by releasing the hold. The Court also scheduled a status conference for October 8, 2009, to consider the award of "attorney's fees and costs and compensation and/or punitive damages."

5

On October 7, 2009, the City filed the Motion for Reconsideration. The City alleged that service by fax and email was "not compliant with any service rule." In particular, the City pointed to Fed. R. Civ. P. 4(j)(2) and Mass. R. Civ. P. 4(d)(3) and asserted that "notice for all actions must be done by mail or in person delivery." In seeking reconsideration under Fed. R. Civ. P. 60(b)(6), the City conceded that the violation of the automatic stay was moot because it had voided 14 tickets. In support of its motion, the City submitted an affidavit of Anne Kerkentzes. In her affidavit, Ms. Kerkenzes stated, among other things, the following:

1. My current title is Law Clerk.
2. The Plaintiffs, Ouadia Bererhout and Jennifer Fiorita owed the City of Malden $1,050.00 in parking assessments.
3. Based upon my research, on October 5, 2009, the City voided 14 tickets and cleared them at the registry on Jennifer R Fiorita.
4. The Plaintiffs' attorney did tell me he would be filing legal paperwork and did not indicate a court appearance.
5. Plaintiffs' attorney never asked who the city attorney was despite speaking with me on several occasions. In addition, he said he got the city treasurer's fax number from the city website. If he was able to do that, he could have easily located the name of the city solicitor as well. See Exhibit A+B
6. Only after he indicated that he had faxed information to the Treasurer's Office on October 1, 2009 and I did call them to locate the fax [sic]. However, the city records will disagree on the time. He sent the faxes well after business hour of city hall [sic].
7. The Plaintiff's Attorney indicated in bankruptcy court that he called here 20-30 times. That is false. He called here no more than 5 times total.

On October 7, 2009, the Debtors filed an Application of Debtors' Counsel For Compensation, with legal fees of $5,355.00 and costs of $304.

On October 8, 2009, the Court conducted a status conference. The Court ordered the City to pay the Debtors $750, representing a fine of $250 per day for the three days

between the entry of October 1, 2009 order and the City's compliance with it on October 5, 2009. The Court further ordered the City to send the Debtors a letter confirming that the tickets had been voided. In addition, the Court determined that the Debtors' application for further injunctive relief was moot as their automobile had been registered. The Court postponed consideration of the Application for Fees as it contained mathematical errors.

On May 18, 2010, this Court held a hearing on the Motion for Reconsideration and conducted a status conference in the adversary proceeding. The Court scheduled a trial with respect to the Debtors' damages for September 27, 2010. The Court also took the City's Motion for Reconsideration under advisement and continued generally Debtors' Counsel's Application pending the outcome of the adversary proceeding.

### III. POSITION OF PARTIES

The City, in support of its Motion for Reconsideration, argues that the Debtors failed to comply with the applicable procedural rules governing service. According to the City, these rules require either personal delivery or delivery by certified mail, citing Fed. R. Civ. P. 4(j)(2) and Mass. R. Civ. P. 4(d)(3), as incorporated by Fed. R. Bankr. 7004. The City claims that service by email, phone and fax are deficient under the rules. Furthermore, the City stresses that the Debtors "have provided no evidence they complied with the rules."

The Debtors respond by saying the City was given "adequate notice." At the May 18, 2010 hearing, the Debtors' lawyer argued:

7

                        Document      Page 8 of 16

> This matter was quick moving. I filed papers with the Court regarding the repeated, blatant, and undeniable violation of the automatic stay by the City. I called the Clerk's Office and was told to fax over notice of the hearing to the defendants. I did it immediately. It was late in the day, but that was because I had been in court on another matter that morning.

The City's response during the hearing was as follows:

> [T]he City doesn't deny it received notice. It's just saying it was improper.

> * * *

> I dispute that they received it the day before. They received it, I believe, the day of, because it was sent after business hours to the City Treasurer instead of the City Solicitor.

**IV. DISCUSSION**

    A. Grounds for Reconsideration under Fed. R. Bankr. P. 9023 and 9024

The City cites both Fed. R. Bankr. P. 9023, which makes Fed. R. Civ. P. 59 pertaining to new trials and altering or amending judgments applicable to bankruptcy cases, and Fed. R. Bankr. P. 9024, which makes Fed. R. Civ. P. 60 pertaining to relief from a judgment or order applicable to bankruptcy cases. Because the City failed to address the requirements of either rule other than to argue that a motion to reconsider is an appropriate vehicle for addressing its view that the genesis of the contempt finding was defective service, the Court shall address Rule 60.

According to the court in Hovis v. Grant/Jacoby, Inc. (In re Air South Airlines, Inc.), 249 B.R. 112 (Bankr. D.S.C. 2000),

> The decision of whether to grant a motion for relief from judgment under the standard set forth in Rule 60(b) lies within the discretion of the Court. *See, e.g.* Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 810 (4th Cir.1988); Park Corp. v. Lexington Ins. Co., 812 F.2d 894,

> 896 (4th Cir.1987). In determining whether a judgment should be set aside under the standard of Rule 60(b), the Court must engage in a two-pronged process. First, the moving party must satisfy three requirements: (1) the motion must be timely filed; (2) the moving party must have a meritorious defense to the action; and (3) the setting aside of the judgment must not unfairly prejudice the nonmoving party. *See* Nat'l Credit Union v. Gray, 1 F.3d 262, 264 (4th Cir.1993); Park Corp., 812 F.2d at 896. Once the requirements of the first prong have been met, the moving party must next satisfy one of the six grounds for relief set forth in Rule 60(b). See Park Corp., 812 F.2d at 896.

249 B.R. at 115-15. In the First Circuit, "[r]elief under Rule 60(b) is available . . . when exceptional circumstances exist to justify extraordinary relief." Rodriguez Camacho v. Doral Fin. Corp. (In re Rodriguez Camacho), 361 B.R. 294, 301 (B.A.P. 1st Cir. 2007) (citing Simon v. Navon, 116 F.3d 1, 5 (1st Cir. 1997)). Additionally, "'a party who seeks recourse under Rule 60(b) must persuade the trial court, at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.' " 361 B.R. at 301 (citing Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)).

Although its Motion for Reconsideration was timely filed, the Court finds that the City had no meritorious defense to the Debtors' request for injunctive relief, and the Debtors would be unfairly prejudiced were the Court to reconsider the finding of contempt and the fines imposed. In view of the substantive and procedural law applicable in bankruptcy cases, the Debtors should not have had to seek injunctive relief in the first instance. Once they filed their Ex Parte Motion for Temporary Restraining

9

Order to Enforce Automatic Stay, the applicable procedural rules permitted this Court to conduct an emergency hearing on notice appropriate in the particular circumstances.

      B. <u>Procedural Requirements of Service in Bankruptcy Cases</u>

The procedural requirements of service are set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Massachusetts, as well as in the Federal and Massachusetts Rules of Civil Procedure.

Section 102 of the Bankruptcy Code defines the term "after notice and a hearing" as "such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). Rule 9013 of the Federal Rules of Bankruptcy Procedure governs the service of motions. It provides:

> A request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing. The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought. Every written motion other than one which may be considered ex parte shall be served by the moving party on the trustee or debtor in possession and on those entities specified by these rules or, if service is not required or the entities to be served are not specified by these rules, the moving party shall serve the entities the court directs.

Fed. R. Bankr. P. 9013.  Rule 9014 governs motions filed in contested matters.  It provides:

> (a) **Motion**. In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.

> (b) **Service**. The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004. Any paper served after the motion shall be served in the manner provided by Rule 5(b) F. R. Civ. P.

Fed. R. Bank. P. 9014.[2] Rule 7004 of the Federal Rules of Bankruptcy Procedure permits service of a summons and complaint by first class mail. It provides that, except in certain circumstances,

> (b) . . . service may be made within the United States by first class mail postage prepaid as follows:

---

[2] Rule 5(b) of the Federal Rules of Civil Procedure provides:

> Service: How Made.
> (1) Serving an Attorney. If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.
> (2) Service in General. A paper is served under this rule by:
>   (A) handing it to the person;
>   (B) leaving it:
>     (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
>     (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
>   (C) mailing it to the person's last known address--in which event service is complete upon mailing;
>   (D) leaving it with the court clerk if the person has no known address;
>   (E) sending it by electronic means if the person consented in writing--in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or
>   (F) delivering it by any other means that the person consented to in writing--in which event service is complete when the person making service delivers it to the agency designated to make delivery.

> (6) Upon a state or municipal corporation or other governmental organization thereof subject to suit, by mailing a copy of the summons and complaint to the person or office upon whom process is prescribed to be served by the law of the state in which service is made when an action is brought against such a defendant in the courts of general jurisdiction of that state, or in the absence of the designation of any such person or office by state law, then to the chief executive officer thereof.

Fed. R. Bank. P. 7004(b)(6). In addition, Fed. R. Bank. P. 7004(a)(1) incorporates Fed. R. Civ. P. 4(j)(2), which provides for service upon:

> (j)(2) . . . A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). Rule 4(j)(2)(B) incorporates Rule 4(d)(4) of the Massachusetts Rules of Civil Procedure, which permits service as follows:

> Upon a county, city, town or other political subdivision of the Commonwealth subject to suit, by delivering a copy of the summons and of the complaint to the treasurer or the clerk thereof; or by leaving such copies at the office of the treasurer or the clerk thereof with the person then in charge thereof; or by mailing such copies to the treasurer or the clerk thereof by registered or certified mail.

Mass. R. Civ. P. 4(d)(4). Notably, the City cited Mass. R. Civ. P. 4(d)(3), not (d)(4).

The above rules do not expressly address appropriate means of service when exigent circumstances require emergency consideration of a motion. In other words, the rules do not expressly provide for those circumstances when service by first class

mail or personal service would be ineffective to provide the appropriate notice contemplated by 11 U.S.C. § 102.

Massachusetts Local Bankruptcy Rule 9013-1(g)(1)(C) specifically addresses those circumstances. It sets forth the requirements applicable to notices of emergency hearings. It provides:

> The movant shall make a reasonable, good faith effort to advise all affected parties of the substance of the motion for relief, and the request for an emergency or expedited determination, prior to filing the motion for emergency or expedited determination, prior to filing the motion for emergency or expedited hearing, and, upon filing the motion, movant shall file a certification attesting to the efforts so made, together with a certificate of service of the motion setting forth the manner of service. Promptly after obtaining the date and time of the hearing from the court, movant shall advise all affected parties of the date and time of the hearing and any objection deadline and shall file a certificate of service setting forth the manner of service. *Such reasonable, good faith efforts may include providing notice by telephone, facsimile transmission or email in appropriate circumstances. . . .*

MBLR 9013-1(g)(1)(C)(emphasis supplied)

C. <u>Service of the Ex Parte Motion for Temporary Restraining Order</u>

The Debtors filed their Ex Parte Motion for a Temporary Restraining Order in the main case nine days after they filed their Chapter 13 petition. In their Motion, they alleged that the City had received notice of the filing of the bankruptcy petition through telephonic notice by their counsel and hand delivery of their bankruptcy petition by the Debtors. Additionally, they set forth grounds entitling them to the relief requested, including Ms. Fiorita's pregnancy.

In Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969 (1st Cir. 1997), the United States Court of Appeals for the First Circuit determined that actions taken in violation of the automatic stay are void. It stated:

> The automatic stay is among the most basic of debtor protections under bankruptcy law. *See* Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection, 474 U.S. 494, 503, 106 S.Ct. 755, 760, 88 L.Ed.2d 859 (1986); *see also* S.Rep. No. 95-989, at 54 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840. It is intended to give the debtor breathing room by "stop[ping] all collection efforts, all harassment, and all foreclosure actions." H.R.Rep. No. 95-595, at 340 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97; *see also* Holmes Transp., 931 F.2d at 987; In re Smith Corset Shops, Inc., 696 F.2d 971, 977 (1st Cir.1982).
>
> The stay springs into being immediately upon the filing of a bankruptcy petition: "[b]ecause the automatic stay is exactly what the name implies-'automatic'-it operates without the necessity for judicial intervention." Sunshine Dev., Inc. v. FDIC, 33 F.3d 106, 113 (1st Cir.1994). It remains in force until a federal court either disposes of the case, see 11 U.S.C. § 362(c)(2), or lifts the stay, *see* id. § 362(d)-(f). This respite enables debtors to resolve their debts in a more orderly fashion, *see* In re Siciliano, 13 F.3d 748, 750 (3d Cir.1994), and at the same time safeguards their creditors by preventing "different creditors from bringing different proceedings in different courts, thereby setting in motion a free-for-all in which opposing interests maneuver to capture the lion's share of the debtor's assets." Sunshine Dev., 33 F.3d at 114; *see generally* 3 Collier on Bankruptcy ¶ 362.03 (15th rev. ed. 1996).

107 F.3d at 975.

In addition to the safeguards imposed by the automatic stay highlighted by the First Circuit in Soares, 11 U.S.C.§ 525(a) provides in relevant part: "a governmental unit may not deny, revoke, suspend, or refuse to renew a license permit, . . . or other similar grant to . . . a person that is or has been a debtor under this title . . . solely because such bankrupt or debtor is or has been a debtor under this title . . . or has not paid a debt that is dischargeable in the case under this title." 11 U.S.C. § 525(a). *See also* Jessamey v.

14

Town of Saugus (In re Jessamey), 330 B.R. 80 (Bankr. D. Mass. 2005) (construing the automatic stay to require creditors to take action to discontinue collection proceedings that were commenced prepetition where the effect of failing to act would be to permit those proceedings to continue postpetition.); Stmima Corp. v. Carrigg (In re Carrigg), 216 B.R. 303 (B.A.P. 1st Cir. 1998).  Cf. State of California Employment Dev. Dept. v. Taxel (In re Del Mission Ltd. ), 98 F.3d 1147 (9th Cir. 1996); Bertuccio v. California State Contrators License Bd. (In re Bertuccio), 414 B.R. 604, 614 (Bankr. N.D. Ca. 2008); In re Henry, 328 B.R. 664, 668 ( Bankr. E. D.N.Y. 2005); In re Abrams,, 127 B.R. 239 (B.A.P. 9th Cir. 1991).

      The emergency notice of the hearing was appropriate under the circumstances. Because of the exigencies set forth in the Debtors' Motion for a Temporary Restraining Order, including Ms. Fiorita's near-term pregnancy, and the law applicable to the facts as alleged by the Debtors, this Court scheduled a hearing on the motion the day after it was filed.  Accordingly, the City's Motion for Reconsideration lacks merit.  The affidavit of Ms. Kerkentzes establishes that the City was aware of the bankruptcy petition and that the Debtors' counsel had spoken with her office on numerous occasions prior to the emergency hearing on October 1, 2009.  On the day before the emergency hearing, the Debtors gave notice to the City by fax, email and telephone.  The City was given ample time to file an objection and appear, which it failed to do.  The City's attempt to place the burden on the Debtors to serve their emergency Ex Parte Motion for Temporary Restraining Order to Enforce Automatic Stay either by mail or in person delivery would subvert the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure which

contemplate the ability of the bankruptcy court to respond quickly to emergencies. The City's actions also demonstrate ignorance of the automatic stay and its affirmative duty to immediately cease its collections efforts. Moreover, when Judge Bailey denied its oral motion for reconsideration at the October 2, 2009 hearing, it was alerted that the grounds for its motion for reconsideration were deficient.

Not only did the City fail to appreciate the ramifications of the automatic stay, it did not comply with the Court's October 1, 2009 order until October 5, 2009. The finding of contempt and the Court's issuance of a $750 fine were justified under the circumstances as service of the Ex Parte Motion for Temporary Restraining Order to Enforce Automatic Stay was both adequate and proper, particularly as the City was aware of the Court's October 1, 2009 order at the time of the hearing on October 2, 2009 before Judge Bailey.

## V. CONCLUSION

In view of the foregoing, the Court shall enter an order denying the City's Motion for Reconsideration.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: June 22, 2010
cc: Daniel Gindes, Esq., Jeremy R. Bombard, Esq.

16